IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GEORGE VOGEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-16-3547 |
| § | |
| SR. WARDEN, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

George Vogel is an inmate in the Texas Department of Criminal Justice ("TDCJ"). In this suit under 42 U.S.C. § 1983, he alleges violations of his rights by several TDCJ officials and employees at the TDCJ's Byrd and Holliday Units.

Vogel originally filed this case in the United States District Court for the Eastern District of Texas. That court severed Vogel's claims concerning the Holliday Unit, and transferred those claims to this court. This court dismissed Vogel's claims against defendants TDCJ Holliday Unit Warden, Lorie Davis, Brad Livingston, UTMB Supervisors, and CMCH Supervisors under 28 U.S.C. § 1915A. *See* Docket Entry No. 16.

On November 28, 2017, defendants J. Alexander and TDCJ Access to Courts Supervisor Vickie Barrow moved to dismiss. On November 29, 2017, defendants Kristi Curry, LaTina Blair, and Francis McGinnis moved to dismiss. On January 5, 2018, defendant Gustavo Castillo moved to dismiss. Vogel has not responded to any of these motions.

I.  **Background**

Vogel alleges that Castillo, a former TDCJ Corrections Officer, improperly confiscated his property, including legal materials, and then denied him access to grievance forms on January 27, 2014; that Alexander, another TDCJ Corrections Officer, did the same on February 22, 2016, and that Barrow, the TDCJ Access to Courts Supervisor, violated his right of access to the courts by failing to provide adequate legal materials at the Holliday Unit.

Vogel also sues Curry, Blair, and McGinnis, all employees of the University of Texas Medical Branch ("UTMB"), which provides medical services to TDCJ inmates. Vogel contends that these defendants improperly discontinued his medication without a medical evaluation, and that they negligently completed his medical paperwork by signing it without verifying the accuracy of the information.

Vogel sues the defendants in their official and individual capacities. He seeks compensatory and punitive damages. The defendants move to dismiss Vogel's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil procedure.

II. **The Standard of Review**

A. Rule 12(b)(1)

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Assoc' of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.*, 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter

jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989).

B. Rule 12(b)(6)

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 601 (1969).

III. **Analysis**

A. The Statute of Limitations

Castillo argues that Vogel's claims against him were filed too late. Because there is no federal statute of limitations for civil rights actions brought under 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period. *Owens v. Okure,* 488 U.S. 235, 249–50. In Texas, the applicable limitations period is two years. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Vogel alleges that Castillo, a TDCJ officer, improperly confiscated his property and denied him access to grievance forms and to higher ranked officers in January 2014. *See* Plaintiff's More Definite Statement ("MDS") (Docket Entry No. 14), at 2-3. Vogel's complaint is dated November 8, 2016. The Clerk's office received it on November 28, 2016. *See* Complaint at 1, 5. The earliest

date that Vogel filed his complaint is November 8, 2016.[1] Because Castillo alleges wrongful actions in January 2014, his complaint is more than 9 months after the statute of limitations expired. The claims against Castillo are dismissed with prejudice because they were filed too late.

B.  Eleventh Amendment

Vogel seeks damages against the defendants in both their individual and official capacities. The Eleventh Amendment bars Vogel's official-capacity claims for damages.

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit for damages against a state official in his or her official capacity is not a suit against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Because the defendants are immune from suit for damages in their official capacities, Vogel's official capacity claims for money damages are dismissed, with prejudice.

C.  Access to the Courts

Vogel contends that Barrow violated his right of access to the courts by failing to provide adequate materials in TDCJ law libraries. Prison inmates have a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Prison officials must provide inmates a reasonable opportunity to file nonfrivolous legal claims. *Lewis v. Casey*, 518 U.S. 343, 353-54 (1996). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d

---

[1] Under the prison mailbox rule, an inmate representing himself is deemed to file a document when he delivers that document to prison officials for mailing. *See, e.g., Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

816, 821 (5th Cir. 1993). To prevail on a claim of denial of access to the courts, a plaintiff must demonstrate actual harm. *Lewis*, 518 U.S. at 351.

Vogel acknowledges that he filed no lawsuits before this one. His only prior litigation was his criminal trial and the appeal of his conviction. *See* Complaint at 2. Alexander and Barrow note that Vogel was represented by counsel in his criminal appeal, which was dismissed on December 2, 2014. *See Vogel v. State*, 2014 WL 6790743 (Tex. App. – Houston [14th Dist.] Dec. 2, 2014, no pet.). The record precludes a finding or inference of prejudice or harm because there is no indication that the defendants' actions hindered Vogel's ability to pursue a "nonfrivolous," "arguable" legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey*, 518 U.S. at 351. *See also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir.1997). Vogel fails to identify any nonfrivolous legal claim that the allegedly inadequate law libraries, or the defendants, prevented him from asserting. He fails to state a claim for denial of access to the courts. The claim is dismissed, with prejudice.

D. <u>Personal Involvement</u>

Vogel claims that Alexander retaliated against him for threatening to file a grievance. He asserts that "shortly after speaking with Officer Alexander . . . 6 unknown officers escorted me to the end of the building as if I was a 'G-5' custody level inmate. I believe this was in retaliation for requesting grievance forms or to talk to 'rank.'" MDS at 4.

Vogel must allege facts that would show Alexander's personal involvement in the alleged constitutional violation, or that he committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir.

2012). Supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for the acts of their subordinates. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978).

Vogel alleges that he was approached by the 6 unknown officers after speaking to Alexander. He alleges no facts indicating that Alexander ordered these officers to take the actions alleged. Vogel fails to plead facts showing any personal involvement by Alexander in the alleged retaliation. This claim is dismissed, with prejudice.

E. Retaliation

> To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."

*Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir.2008) (citation omitted).

As noted above, Vogel fails to allege any facts that would show retaliatory actions by Alexander. He alleges no facts showing that Alexander threatened to retaliate, acted with retaliatory intent, or that the action following Vogel's interaction with Alexander was itself retaliatory. Because, at a minimum, Vogel fails to allege facts demonstrating that the actions of the 6 unknown officers were retaliatory, this claim is dismissed, with prejudice.

F. Deliberate Indifference

Vogel claims that Curry, Blair, and McGinnis were deliberately indifferent to his serious medical needs by discontinuing his medications without a medical evaluation by a doctor, and by making errors in his medical paperwork. The Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v.*

*Gamble*, 429 U.S. 97, 103 (1976). An Eighth Amendment violation may occur when denying medical care results in pain and suffering, which "no one suggests would serve any penological purpose." *Id.* To rise to the level of a constitutional violation, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

1. <u>Medication</u>

The defendants argue that Vogel's complaint expresses his disagreement with the medical treatment, but does not allege facts that would support a claim of deliberate indifference. Evidence presented in a summary judgment motion might support the defendants' argument. Under Rule 12(b)(6), however, this court must liberally construe the allegations and view them in the light most favorable to the plaintiff. Viewed in that light, the complaint could be read to allege that the defendants deliberately discontinued Vogel's medication without medical justification. This alleges

more than mere negligence, and more than mere disagreement with their medical judgment. Dismissal is not appropriate for this claim.

### 2. Paperwork

Vogel also claims that the defendants were deliberately indifferent to his serious medical needs because they filled out medical paperwork with "boilerplate" and signed it without confirming that the information was correct. This, at most, alleges that the defendants were negligent in completing the paperwork. Vogel characterizes their actions as negligent in his complaint. *See* Docket Entry No. 12 at 6. Negligence does not violate the Eighth Amendment. *Gamble*, 429 U.S. at 104-06. Vogel's complaint about the paperwork fails to state a claim, and it is dismissed, with prejudice.

## IV. Conclusion

For the foregoing reasons, the defendants' motions to dismiss are granted as to all claims except Vogel's claim that Curry, Blair, and McGinnis violated his Eighth Amendment rights by discontinuing his medications without medical justification. The rest of the claims against Curry Blair, and all the claims against Castillo, Alexander, and the TDCJ Access to Courts Coordinator, are dismissed, with prejudice because amendment would be futile.

## V. Order

1. The motion to dismiss filed by Alexander and Barrow (the TDCJ Access to Courts Coordinator), (Docket Entry No. 19), is granted;

2. The motion to dismiss filed by Castillo, (Docket Entry No. 24), is granted;

3. The motion to dismiss filed by Curry, Blair, and McGinnis, (Docket Entry No. 21), is granted in part and denied in part. The motion is denied as to Vogel's individual capacity claim

that the defendants' discontinuance of Vogel's medications violated the Eighth Amendment. The motion is granted as to all other claims.

SIGNED on July 11, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge